UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLEASANTON FITNESS, LLC d/b/a Fitness Evolution, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KENNA MEDIA, LLC, a Washington limited liability company,<br><br>Defendant. | No. 1:15-cv-01188-DAD-SMS<br><br>ORDER DENYING DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT DUE TO LACK OF JURISDICTION<br><br>(Doc. No. 20) |

On June 26, 2015, plaintiff Pleasanton Fitness, LLC brought this action against defendant Kenna Media, LLC in the Stanislaus County Superior Court seeking judicial determinations that (1) plaintiff and defendant did not enter into a contract for the bulk mailing of flyers and (2) defendant was not entitled to any compensation under the doctrine of quantum meruit for defendant's subsequent bulk mailing of flyers. (Doc. No. 1-1, at 6.) Defendant removed the action to federal court on the basis of diversity jurisdiction. (Doc. No. 1.) In its answer and counterclaim, defendant also pled causes of action for: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) unjust enrichment; (4) promissory estoppel;

1

1  and (5) fraud.  (Doc. No. 8.)

2  On February 17, 2016, plaintiff filed a notice of settlement with this court.  (Doc. No. 16.)
3  The settlement agreement, attached only now as an exhibit to the present motion, resolved in full
4  the parties' claims, but provided that "[t]he USDC EDC court shall have jurisdiction over the
5  parties to enforce the settlement until performance in full of the terms pursuant to Code of Civil
6  Procedure section 664.6."  (Doc. No. 20–2, at 6.)  On March 13, 2016, the parties executed a
7  stipulation of dismissal, pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), with prejudice,
8  "in consideration of" the settlement agreement between them.  (Doc. No. 18.)  Nowhere in that
9  stipulation of dismissal was the court's retention of jurisdiction to enforce the parties' settlement
10 agreement mentioned.  (*Id*.)  On March 14, 2016, the court issued an order closing the case.
11 (Doc. No. 19.)

12 Now before the court is defendant's motion to enforce the settlement, pursuant to
13 California Code of Civil Procedure § 664.6, and request for attorney's fees and costs in the
14 amount of $4,800 in connection with the motion to enforce the settlement agreement.  (Doc. No.
15 20.)  On June 7, 2016, the court heard oral argument on the motion.  (Doc. No. 28.)  Attorney
16 Jeffrey Rooney appeared on behalf of plaintiff and attorney Ada Wong appeared on behalf of
17 defendant.  For the reasons, the motion will be denied because the courts lacks jurisdiction to
18 grant the requested relief.

19 **ANALYSIS**

20 In order to enforce the settlement agreement, the court must have subject matter
21 jurisdiction to do so.  "Courts have inherent power to enforce settlements between the parties in
22 pending cases*.*"  *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994).  However, a
23 court has no power to enforce a settlement after a case has been dismissed, unless it has retained
24 jurisdiction to do so.  *Hagestad v. Tragesser*, 49 F.3d 1430, 1432 (9th Cir. 1995).  As the United
25 States Supreme Court has stated:

26 > [W]hen, as occurred here, the dismissal is pursuant to Rule
> 41(a)(1)(ii) (which does not by its terms empower a district court to
27 > attach conditions to the parties' stipulation of dismissal) we think
> the court is authorized to embody the settlement contract in its
28 > dismissal order (or, what has the same effect, retain jurisdiction

2

> over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994). The Ninth Circuit has since elaborated on the holding in *Kokkonen*, stating as follows:

> With the benefit of the *Kokkonen* decision to guide us, we hold that an order "based on" the settlement agreement, without more, does not "embody the settlement contract," *Kokkonen*, 511 U.S. at 381, and is insufficient to create ancillary jurisdiction. Any dismissal under Fed. R. Civ. P. 41(a)(1)(ii) is necessarily "based on" a settlement and stipulation to dismiss. To read this language as "incorporating the terms of the settlement," *id*. at 381, would negate the holding of *Kokkonen*. The settlement terms must be part of the dismissal in order for violation of the settlement agreement to amount to a violation of the court's order. *Kokkonen*, 511 U.S. at 381. Without a violation of the court's order, there is no jurisdiction. *Id*.

*O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995).

Under California law:
> If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement.

Cal. Civ. Proc. Code § 664.6. Here, while the settlement agreement provided that the court would retain jurisdiction to enforce the settlement, the settlement agreement itself was never provided to the court prior to the filing of the pending motion to enforce settlement. Moreover, the parties never requested in their stipulated dismissal that the court retain jurisdiction to enforce the terms of the settlement. Accordingly, jurisdiction to do so was not retained by the court in dismissing this action. Notably, the court order closing the case did not embody the settlement contract within or retain jurisdiction over the settlement contract. (Doc. No. 19.)

Because this action is no longer pending, the court does not have subject matter jurisdiction over it and cannot enforce the settlement agreement under California Civil Procedure Code § 664.6. *See O'Connor*, 70 F.3d at 532; *Renaissance Ribbons, Inc. v. Hadley Pollet*, LLC,

3

No. 2:07-cv-1271-JAM-DAD, 2008 WL 5179096, at *2 (E.D. Cal. Dec. 8, 2008).  The case law cited by defendant is not to the contrary, but rather precludes § 664.6's applicability when a settlement agreement has been executed prior to the pendency of litigation.  *See Kirby v. S. California Edison Co.*, 78 Cal. App. 4th 840, 843–46 (2000).  Defendant's only remedy, if any, is to bring a separate breach of contract action for the alleged breach of the settlement agreement.  *O'Connor, 70 F.3d at 532* (9th Cir. 1995) ("A motion to enforce the settlement agreement, then, is a separate contract dispute requiring its own independent basis for jurisdiction.").

For all of these reasons, defendant's motion to enforce the settlement (Doc. No. 20) is denied for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated:   **June 7, 2016**                           _____
                                                                  UNITED STATES DISTRICT JUDGE